UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 26-cv-80125-Cannon/McCabe

SHAWN BROUILLETTE and DAVID
WOOP, individually and on behalf of all
others similarly situated,

      Plaintiffs,

v.

GUARDIAN FLEET SERVICES, INC.,

      Defendant.

_____/

## REPORT & RECOMMENDATION

THIS CAUSE comes before the Court on Defendant's Motion to Dismiss and Compel Arbitration, which was referred to the undersigned by United States District Judge Aileen M. Cannon. (DE 13, DE 16). For the reasons set forth below, the undersigned **RECOMMENDS** that the motion (DE 13) be **GRANTED IN PART** as follows.

## I.    BACKGROUND

This is an FLSA collective action brought by Shawn Brouillette and David Woop (hereafter the "Named Plaintiffs"), individually and on behalf of similarly situated tow truck drivers, against Defendant Guardian Fleet Services, Inc. (DE 10). The Amended Complaint alleges a single count of failure to pay overtime wages in violation of the FLSA, 29 U.S.C. § 207. (DE 10 ¶¶ 48-59). The proposed collective includes the following:

> All persons employed as tow truck drivers or wrecker drivers ("drivers") working for or paid by [Defendant], currently within the preceding 3 years of the filing of this complaint who worked any overtime hours.

(DE 10 ¶ 12). To date, seven (7) additional tow truck drivers have "opted in" to the collective action. (DE 8, DE 9, DE 12, DE 20). The Court will refer to these drivers as "Opt-In Plaintiffs."

II.      **DISCUSSION**

By way of this motion, Defendant seeks (A) to compel the Named Plaintiffs to bring their claims in arbitration pursuant to a mandatory arbitration agreement, (B) dismiss the claims of the Named Plaintiffs, and (C) dismiss the claims of the Opt-In Plaintiffs, or alternatively, compel six (6) of those claims to arbitration.  (DE 13, DE 15).  The Court will address each request in turn.

A.      **Named Plaintiffs:  Arbitration**

As to the first request, the Named Plaintiffs admit and concede that they signed binding arbitration agreements, providing as follows:

> I agree that all disputes relating to a breach of this Agreement, my employment with GFS or the termination thereof, including but not limited to, all statutory employment, discrimination, harassment, and retaliation claims, will be subject to final, binding Arbitration before a single arbitrator selected through the Employment Arbitration Rules of the American Arbitration Association ("AAA").
>
> …
>
> I understand and agree that I am waiving my right to a judge or jury trial voluntarily and knowingly and free from duress or coercion. I understand that I have a right to consult with a person of my choosing, including an attorney, before signing this agreement. I further agree that AAA is an adequate forum to address any claim I may have and that AAA fees do not prohibit me from filing and prosecuting claims in the AAA forum.

(DE 13-1 at 3, DE 13-2 at 3).

As such, the Named Plaintiffs do not challenge the referral of their claims to arbitration. (DE 14 ¶ 1).  The Court has reviewed the arbitration agreements and agrees these claims should be compelled to arbitration.  Accordingly, pursuant to the Federal Arbitration Act ("FAA"), the Court recommends that the Named Plaintiffs be compelled to bring their claims before the American Arbitration Association in accordance with their arbitration agreements.  *See* 9 U.S.C. § 4 (noting that a court "upon being satisfied that the making of the agreement for arbitration …

is not in issue … shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement").

### B.      Named Plaintiffs:  Dismissal or Stay?

As to the second request, the Court recommends that the Named Plaintiffs' individual claims be stayed, not dismissed.  The Named Plaintiffs have affirmatively requested a stay.  (DE 14 at 4-6).  Pursuant to the FAA, a court "shall" – on application of one of the parties – stay the trial of the action until arbitration has been concluded.  9 U.S.C. § 3.  In *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024), the Supreme Court recognized that § 3 of the FAA leaves no discretion to the district court.  "When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, *§ 3 of the FAA compels the court to stay the proceeding*."  *Id.* (emphasis added).  As such, the case should be stayed as to the Named Plaintiffs' individual claims.

### C.      Opt-In Plaintiffs

As to the remaining Opt-In Plaintiffs, numerous courts have recognized that a collective action cannot continue once the named plaintiff has been compelled to arbitration.  *See Ortiz v. True Food Kitchen Holdings, LLC*, No. CV-22-01821-PHX-DGC, 2023 WL 2648139 (D. Ariz. Mar. 27, 2023) (striking collective action claims where named plaintiff was compelled to arbitration, thus leaving "no named plaintiff to represent and litigate the purported collective action"); *York v. Dave & Buster's Inc.*, No. CV-21-01130-PHX-JJT, 2022 WL 2491228 (D. Ariz. June 3, 2022) ("Indeed, upon this Order compelling [the named plaintiffs] to individual arbitrations, the lawsuit is left without lead plaintiffs capable of a collective action.").  The Court agrees that this collective action cannot continue without a new named plaintiff.

Rather than dismiss or strike the collective action allegations, the Court recommends that the Opt-In Plaintiffs be afforded thirty (30) days to file a motion to substitute one or more of their number as the new named plaintiff(s) to continue forward with this collective action. *See Sypniewski v. Domino's Pizza, Inc.*, No. 24-11330, 2024 WL 4571403, *5 (E.D. Mich. Oct. 23, 2024) (noting that, upon compelling the original named plaintiff to arbitration, the collective action would remain stayed until the district court received and granted "a motion for leave to amend and substitute a new named plaintiff who is not compelled to arbitrate their claims"). If the Opt-In Plaintiffs fail to file such a motion, the remaining collective action allegations should be stricken or dismissed.

The Court declines Defendant's invitation—asserted for the first time in its reply—to compel six (6) of the seven (7) Opt-In Plaintiffs to arbitration. (DE 15). If Defendant wishes to compel these Opt-In Plaintiffs to arbitration, Defendant should file a separate motion seeking that relief, so that the Opt-In Plaintiffs can file an appropriate response, thereby allowing the Court to make a reasoned decision.

## III.   <u>RECOMMENDATION & NOTICE OF RIGHT TO OBJECT</u>

For the reasons stated above, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss and Compel Arbitration be **GRANTED IN PART** as follows:

1.   The Named Plaintiffs, Shawn Brouillette and David Woop, should be compelled to arbitrate their claims before the American Arbitration Association in accordance with their arbitration agreements, as required by 9 U.S.C. § 4.

2.   Pursuant to 9 U.S.C. § 3, this case should be **STAYED** as to the Named Plaintiffs' individual claims.

3.  The Opt-In Plaintiffs should be afforded thirty (30) days to file a motion to substitute one or more of their number as a new named plaintiff(s) for the collective action.  If the Opt-In Plaintiffs fail to do so, the collective action allegations should be stricken or dismissed.  All discovery should be **STAYED** until the Court approves a new named plaintiff.

4.  If Defendant believes any of the Opt-In Plaintiffs should be compelled to arbitration, Defendant should file a separate motion seeking that relief.

5.  The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

6.  **IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 26th day of May 2026.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE

5