**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 26-80125-CIV-CANNON/McCabe**

**SHAWN BROUILLETTE**, *et al.*,
*individually and on behalf of all others*
*similarly situated*,

       Plaintiffs,

v.

**GUARDIAN FLEET SERVICES, INC.,**

       Defendant.

_____/

**ORDER ACCEPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION [ECF No. 21]**

**THIS CAUSE** comes before the Court upon Magistrate Judge Ryon M. McCabe's Report

and Recommendation on Defendant's Motion to Dismiss and Compel Arbitration (the "Report")

[ECF No. 21], issued on May 26, 2026.  On March 6, 2026, Defendant filed a Motion to Dismiss

and Compel Arbitration (the "Motion") [ECF No. 13].  On May 26, 2026, following referral,

Magistrate Judge McCabe issued a Report recommending that the Motion be granted in part, that

the Named Plaintiffs (Shawn Brouillette and David Woop) be compelled to arbitrate under the

rules of the American Arbitration Association, that the case be stayed, and that the other Opt-In

Plaintiffs be afforded thirty days within which to move to substitute one or more of their number

as Plaintiffs [ECF No. 21 pp. 4–5].[1]

---

[1] Plaintiffs' claims are brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 [*see generally* ECF No. 10].  The FLSA allows for collective actions against an employer. *See* 29 U.S.C. § 216(b).  In an FLSA collective action, each plaintiff must "affirmatively opt into the suit before becoming party plaintiffs."  *See, e.g.*, *Pares v. Kendall Lakes Auto., LLC*, No. 13-20317-CIV, 2013 WL 3279803, at *3 (S.D. Fla. June 27, 2013).  Here, seven opt-in Plaintiff have filed consents to join this suit: Manuel Duron, Ramon Rodriguez Escalona, James Houston, Martin Kolb, Billy Turner, Claude Bucknall, and Curtis Davisson (together, the "Opt-In Plaintiffs")

Objections to the Report were due on June 9, 2026 [ECF No. 21 p. 5].  On June 10, 2026, the parties filed a Joint Notice of Non-objection to Report and Recommendation and Request to Administratively Close Case [ECF No. 22], in which the parties state that they have no objection to the Report and request a stay pending the outcome of arbitration and mediation.

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made.  *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc*., 208 F. App'x 781, 784 (11th Cir. 2006).  A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).  To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record.  *Macort*, 208 F. App'x at 784.

Following de novo review, the Court finds the Report to be well reasoned and correct.  For the reasons set forth in the Report [ECF No. 21], it is hereby

**ORDERED AND ADJUDGED** as follows:

1.    The Report and Recommendation [ECF No. 21] is **ACCEPTED**.

2.    The Motion [ECF No. 21] is **GRANTED IN PART**.

3.    Named Plaintiffs Shawn Brouillette and David Woop shall submit their claims against Defendant to AAA arbitration pursuant to the AAA rules.

4.    The Clerk is directed to **STAY** and **ADMINISTRATIVELY CLOSE** this action without prejudice to the parties.

---

[ECF Nos. 8–9, 12, 20].

CASE NO. 26-80125-CIV-CANNON/McCabe

5.       Every **180 days** following the date of this Order, the parties are directed to **jointly**

file a status report apprising the Court of the status of the dispute resolution process.

**ORDERED** in Chambers at Fort Pierce, Florida, this 12th day of June 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

3